STATE, JOHN B. PUDNEY, ET AL., PROSECUTORS, v. THE VILLAGE OF PASSAIC.

37 65
55 448
55 488
37 65
56 125

1. The assessments of commissioners for benefits in street improvements, where they have been on the ground, examined the premises and made their report of estimates according to the principle prescribed in the charter, will not be set aside upon conflicting evidence of the justice, or sufficiency of such assessments. It must clearly appear that injustice has been done, before an assessment will be set aside upon the facts.

State, Pudney, pros., v. Village of Passaic.

2. Assessments for benefits by the lineal feet along the frontage, are not necessarily wrong. There is no rule that condemns such method, without proof of its injustice, either apparent on the papers or shown satisfactorily by independent testimony.

3. After a preliminary estimate·of damages and benefits made by the commissioners, the council, on hearing objections, may return the estimate to the commissioners for alterations, and confirm their final report upon legal notice. But if there should be irregularity under this charter in this proceeding, it is cured by the supplement of April 2d, 1873, ¿ 84, unless it appears that the irregularity has led to an unjust assessment. It is only informal, not jurisdictional and fundamental.

On *certiorari* to bring up an assessment for damages and benefits in opening Gregory avenue easterly to Main street, and westerly to Howe avenue, and for grading, curbing, guttering and flagging between said Main street and Howe avenue.

Argued at November Term, 1873, before Justices BEDLE, DALRIMPLE and SCUDDER.

For the plaintiff, *A. B. Woodruff*.

For the defendant, *T. M. Moore*.

The opinion of the court was delivered by

SCUDDER, J.   There are three special reasons assigned for setting aside the assessments made by commissioners against the lands of the prosecutor.  These only will be considered, although there are many other points of difficulty presented in the brief of counsel.  The first reason is, that the commissioners based their assessments upon the number of lineal feet fronting on said avenue, without regard to the benefits received.

The assessment was made under the charter of the village of Passaic, approved March 10th, 1869.   By section nineteen of that charter, the board of council were empowered by ordinance, to lay out, open, grade, curb and gutter streets, and to appoint three commissioners, who shall estimate the whole cost of said improvement according to the best of their judgment; and shall assess such estimated cost upon the lands

fronting on said improvement, in proportion to the benefit to be received by each lot or parcel thereof, &c.

The return to this writ shows the survey, map and assessment, with the formalities required by the charter.

The single ground of objection first stated is, that in every case the assessment is in proportion to the number of lineal feet fronting on the avenue.

This is not true in fact, for lots thirty-five and thirty-six on the easterly extension, were assessed $2800, for benefits in opening, and on the westerly extension, it appears from the evidence, that the value of the land taken, was equalized by the benefits received by the remaining lands. But it is true in the assessments made for benefits to the other lands lying on said avenue.

The commissioners report that they made the assessment in proportion to the benefits to be received by each lot and parcel thereof; and in their testimony taken on this hearing, they affirm that this was the rule that governed them, and they are still satisfied with its correctness.

Other testimony has been given, to show that some lots must be benefited more than others, because of the extension of the street easterly and westerly through them, and the rough, ungraded condition of the land; but the evidence is conflicting, and there is not that clear preponderance of proof which would justify this court in setting aside the assessment of commissioners, who have been on the ground, examined it, and made their report of estimate according to the principle prescribed in the charter. The court will not disturb an assessment because there are conflicting opinions concerning the justice or sufficiency of the assessment; it must clearly appear to their satisfaction that injustice has been done, before an assessment will be set aside upon the facts. While the power to determine disputed questions of fact as well as law, has been conferred by the act of April 6th, 1871, relating to the writ of *certiorari*, such determination must be according to the justice of the case, as it shall appear upon the entire evidence.

This evidence does not satisfactorily establish that the method of assessment for improvements along the whole line of this avenue is not just and equal.

The special damages and benefits to the lands *opened* by the easterly and westerly extension being adjusted as appears by the evidence, there would seem to be no injustice in assessing the improvements of opening, grading, guttering, and curbing upon the entire frontage, according to the number of lineal feet. It may well. be an equal benefit to every land owner upon the line of the street.   There is no rule that condemns such method of assessment, without proof of its injustice, either apparent on the papers, or shown satisfactorily by indepen-dent evidence.   *State, Hand, pros.,* v. *Elizabeth,* 2 *Vroom* 551 ; *Jersey City* v. *State, Howeth, pros.,* 1 *Vroom* 529 ; *State, Moran, pros.,* v. *Hudson City,* 5 *Vroom* 30.

It does appear, however, that there has been a small mistake in assessing Mr. Pudney $5.07 for flagging which was not done in front of his lot, and this should be deducted from his assessment.

The second reason assigned for reversal is, that after the assessment was made by the commissioners, the board of council directed them to change the line of the street, and make new estimates of damages.

What is here called an assessment was, in fact, a prelimi-nary estimate, for the information of the board of council, before determining their final action.   Upon the petition of certain property owners, there was a change made in the line of the avenue, and a larger assessment of damages made to Adrian Van Blarcom, increasing them from $600 to $2040. Why this amount was increased, does not clearly appear in evidence ; but it is not shown that it was excessive.   The insistment is that, after stating the damages at $600 in the preliminary estimate, it could not be changed.

This increased amount is included in the final report of the commissioners, dated February 13th, 1871 ; and on March 13th, 1871, the board of council confirmed the report, after giving the required notice by publication.   In this action of

council there is nothing oppressive, or in excess of authority. But if it were otherwise, the legislature, in the act to incorporate the city of Passaic, approved April 2d, 1873, (*Laws, 1873, p.* 516,) have made these assessments valid, except in cases where it shall appear that the commissioners have not properly assessed the lands, in proportion to the benefits received thereby. Any irregularity in changing the assessment before final action is cured, unless it also appear that this change led to an improper assessment for benefits. It is only informal, at the worst—not jurisdictional and fundamental. The owners had full notice, and an opportunity of being heard at every stage of the proceeding.

The third reason assigned is, that the amount assessed is greater than the amount which the work done would cost, at the price for which it was proposed to be done. Part of these expenses, which it is contended are illegal, were incurred in removing remains of the dead buried in the church-yard of the First Reformed Church, through which the extension of the avenue ran, and walling the embankment through said church-yard, to keep the earth from falling. It appears that this church-yard was in the direct line of the avenue, and that, to avoid a deflection, the consent of the consistory was obtained to pass through the yard, upon the condition that the remains should be carefully removed and buried, and the banks secured. It was a reasonable and proper expenditure, under the circumstances, costing $302.

Section 20 of the charter of 1869, directs that all expenses and costs of proceedings for improvements shall be assessed upon the lands, and paid by the owners fronting on the improvements; and it is not shown that there has been any expenses and costs, excepting those that belong to the improvements assessed upon the lands, nor that there is any excess in the amount assessed over the actual cost of the improvements.

The small item of $5.07 assessed against the prosecutor, Mr. Pudney, for flagging, must be deducted, and the balance of the assessment is affirmed.